Harvey W. Wimer, III, State Bar No. 166326
*hwimer@gravesandking.com*
Michael D. Sargent   State Bar no. 221524
*mdsargent@graesandking.com*
Dennis J. Mahoney  State Bar no. 124428
*dmahgoney@gravesandking.com*
**GRAVES & KING LLP**
*Attorneys at Law*
3610 Fourteenth Street, Second Floor
Riverside, California 92501-3837
**DIRECT ALL MAIL TO:**
Post Office Box 1548
Riverside, California 92502-1548
(951) 680-0100 / Fax (951) 680-0700

Attorneys for the defendant,
COUNTY OF SAN BERNARDINO

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEANETTE JAIME,<br><br>                plaintiff,<br><br>   vs.<br><br>COUNTY OF SAN BERNARDINO,<br>et al.,<br><br>              defendants. | Case no. 5:15-CV·00752-DSF (DTBx)<br><br>ANSWER TO COMPLAINT<br><br>JURY TRIAL DEMANDED |

COMES NOW the defendant, County of San Bernardino, and answers the complaint of Jeanette Jaime in this action as follows:

1. Answering the first paragraph of the complaint, this answering defendant admits that the plaintiff makes allegations. The defendant lacks information sufficient to admit or to deny that the plaintiff is "an individual with physical disabilities" or that she is required to use a wheelchair for mobility, and on that besis denies the same. The defendant denies the remaining averments in the first paragraph of the complaint and each such averment severally.

2. This answering defendant denies the averments in the second paragraph of the complaint and each such averment severally.

3.   Answering the third paragraph of the complaint, this answering defendant admits that the plaintiff seeks certain relief by her complaint.  The defendant denies the remaining averments in the third paragraph of the complaint, if any, and denies each such averment severally.

4.   This answering defendant lacks information sufficient to admit or to deny the averments in the fourth paragraph of the complaint and, on that basis, denies those averments and each such averment severally.

5.   This answering defendant admits the averments in the fifth paragraph of the complaint.

6.   This answering defendant lacks information sufficient to admit or to deny the averments in the sixth paragraph of the complaint and, on that basis, denies those averments and each such averment severally.

7.   This answering defendant denies the averments in the seventh paragraph of the complaint and each such averment severally.

8.   Answering the sixth paragraph of the complaint, this answering defendant admits that this court has concurrent jurisdiction, with the state courts, over cases arising under the Americans with Disabilities Act.

9.   Answering the seventh paragraph of the complaint, this answering defendant admits that this court has supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.  This answering defendant denies the remaining averments in the seventh paragraph of the complaint and each such averment severally.

10.   Answering the tenth paragraph of the complaint, this answering defendant admits that venue is proper in the Central District of California.  The defendant denies the remaining averments in the tenth paragraph of the complaint and each such averment severally.

///

11.    This answering defendant admits the averments in the eleventh paragraph of the complaint.

12.    This answering defendant admits the averments in the twelfth paragraph of the complaint.

13.    This answering defendant lacks information sufficient to admit or to deny such averments in the thirteenth paragraph of the complaint as concern the plaintiff's alleged activities on August 31, 2014, and, on that basis, denies those averments and each such averment severally.  The defendant denies the remaining averments in the thirteenth paragraph of the complaint and each such averment severally.

14.    This answering defendant denies the averments in the fourteenth paragraph of the complaint and each such averment severally.

15.    This answering defendant lacks information sufficient to admit or to deny such averments in the fifteenth paragraph of the complaint as concern the plaintiff's alleged activities on August 31, 2014, and, on that basis, denies those averments and each such averment severally.

16.    This answering defendant lacks information sufficient to admit or to deny the averments in the sixteenth paragraph of the complaint and, on that basis, denies those averments and each such averment severally.

17.    This answering defendant denies the averments in the seventeenth paragraph of the complaint and each such averment.

18.    This answering defendant denies the averments in the eighteenth paragraph of the complaint and each such averment.

19.    This answering defendant lacks information sufficient to admit or to deny such averments in the nineteenth paragraph of the complaint as concern the plaintiff's desires and future plans, and, on that basis, denies those averments and each such averment severally.  The defendant denies the remaining averments in the thirteenth paragraph of the complaint and each such averment severally.

///

20.     This answering defendant denies the averments in the twentieth paragraph of the complaint and each such averment severally.

21.     Answering the twenty-first paragraph of the complaint, this answering defendant admits that a claim dated February 25, 2015, was presented (i.e., received by the defendant) on March 2, 2015, and that the claim was denied by operation of law forty-five days thereafter.

22.     Answering the twenty-second paragraph of the complaint, this answering defendant refers to and incorporates its responses to each of the foregoing paragraphs.

23.     Answering the twenty-third paragraph of the complaint, this answering defendant admits that 42 U.S.C. §12132 is part of Title II of the Americans with Disabilities Act, and that it provides in full:  "Subject to the provisions of this subchapter, no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity."

24.     This answering defendant admits the averments of the twenty-fourth paragraph of the complaint.

25.     This answering defendant lacks information sufficient to admit or to deny the averments in the twenty-fifth paragraph of the complaint and, on that basis, denies those averments and each such averment severally.

26.     This answering defendant denies the averments in the twenty sixth paragraph of the complaint and each such averment seveally.

27.     Answering the twenty-seventh paragraph of the compliant, the defendant admits that Title II of the Americans with Disabilities Act has been "established" since January 26, 1992. The defendant denies the remaining averments of the twenty-seventh paragraph of the complaint and each such averment severally.

28.     Answering the twenty-eighth paragraph of the complaint, the defendant admits that the plaintiff prays for judgment.

//

29.    Answering the twenty-ninth paragraph of the complaint, this answering defendant refers to and incorporates its responses to each of the foregoing paragraphs.

30.    Answering the thirtieth paragraph of the complaint, the defendant admits that section 54, subdivision (a), of the California Civil Code provides that "Individuals with disabilities or medical conditions have the same right as the general public to the full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, public facilities, and other public places."

31.    This answering defendant denies the averments of the thirty-first paragraph of the compliant and each such averment severally.

32.    Answering the thirty-second paragraph of the complaint, this answering defendant admits that section 54, subdivision (c), of the California Civil Code provides that a "violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section."

33.    Answering the thirty-third paragraph of the complaint, this answering defendant admits that California Civil Code §54, subdivision (c), has been "established" since September 14, 1996.  This answering defendant denies the remaining averments of the thirty-third paragraph of the complaint and each such averment severally.

34.    Answering the thirty-fourth paragraph of the complaint, this answering defendant admits that the plaintiff prays for monetary damages and attorneys' fees.

## AFFIRMATIVE DEFENSES

35.    First Affirmative Defense (Failure to State Claim).  The complaint does not allege facts sufficient to state a claim upon which relief may be granted against this defendant.

36.    Second Affirmative Defense (Substantial Compliance).   The defendant is informed and believes that its programs and facilities are in substantial compliance with the applicable federal and state statutes.

///

ANSWER

37.     Third Affirmative Defense (Technical Infeasibility).  The defendant is informed and believes that the modifications demanded by the plaintiff are not technically feasible.

38.     Fourth Affirmative Defense (Essential Character).  The defendant is informed and believes that the modifications demanded by the plaintiff could not be effected without altering the essential character of the park.

39.     Fifth Affirmative Defense (Unreasonable Cost).  The defendant is informed and believes that the modifications demanded by the plaintiff would be unreasonably costly and would impose an undue financial burden on the taxpayers of the County.

40.     Sixth Affirmative Defense (Standing).  The defendant is informed and believes that the plaintiff lacks standing to maintain this action.

41.     Seventh Affirmative Defense (Statutory Immunities).  To the extent that the plaintiff seeks any remedy under the laws of the State of California, the defendant is immune from liability by virtue of one or more of the following sections of the California Government Code:  §815.2(b); §818.2; §820.2; §820.4; §821; §830.6; §831.2; §831.4; §835.2; §835.4.

42.     Eighth Affirmative Defense (Claim Presentation).  To the extent that the plaintiff seeks any remedy under the laws of the State of California, the plaintiff's claim is barred by Government Code §945.4 because, and to the extent, that her complaint does fairly reflect the allegations made in her administrative claim.

43.     Ninth Affirmative Defense (Laches).   The complaint, or any recovery thereunder, is barred by the doctrine of laches.

44.     Tenth Affirmative Defense (Unclean Hands).  The complaint, or any recovery thereunder, is barred by the doctrine of unclean hands.

///

///

///

///

PRAYER

WHEREFORE the defendant County of San Bernardino prays for judgment in its favor on the complaint of Jeanette Jaime, for dismissal of the complaint in its entirety and with prejudice, for an award of costs (including reasonable attorneys' fees), and for such other relief as may be just.

Dated:  May 14, 2012                    GRAVES & KING LLP
                                        *Attorneys at Law*

                                        /s/ Harvey W. Wimer III

                                        HARVEY W. WIMER III
                                        Attorneys for the defendant,
                                        COUNTY OF SAN BERNARDINO


DEMAND FOR JURY TRIAL

Pursuant to the Seventh Amendment to the Constitution of the United States, 28 USC 861, and Rule 38 of the Federal Rules of Civil Procedure, the defendant demands trial of this cause to a jury of the general vicinage as to all claims, defenses, or issues so triable.

Dated:  May 14, 2012                    GRAVES & KING LLP
                                        *Attorneys at Law*

                                        /s/ Harvey W. Wimer III

                                        HARVEY W. WIMER III
                                        Attorneys for the defendant,
                                        COUNTY OF SAN BERNARDINO

J:\WP_FILES\PLG-TEAM\hww\9727\PLEADINGS\! Answer.wpd